Mrs. Leona Aveton, wife of John Aveton, alleges that as she was leaving the premises No. 2635 Dumaine Street owned by defendant, Albert Artigues, and occupied at the time by plaintiff's friend, Mrs. Sansone, as tenant, the tread of the bottom step of the stairs, leading into the side yard, broke under her weight, throwing her upon her back and causing her serious injuries. In this suit she is attempting to recover from the owner of the property, praying for judgment in the sum of $600.
Defendant admits his ownership of the premises but denies all of the remaining allegations of plaintiff's petition, putting at issue the allegation that any such accident occurred and also in effect denying that plaintiff sustained any such injuries.
There was judgment dismissing the suit and Mrs. Aveton has appealed. She charges that after her visit to Mrs. Sansone, she attempted to leave through a door leading to the side alley and that from this door to the ground there was a stair of some three or four steps; that in descending, as she placed her foot upon the tread of the bottom step, it broke and her foot went out from under her, throwing her upon her back. She introduced in evidence a photograph said to represent the said stair, and this photograph shows that at the time at which it was taken almost half of the bottom tread had broken from the remaining portion, leaving some four or five inches on the outer edge of that tread entirely absent.
There is much about the evidence tendered in support of plaintiff's claim which throws doubt upon the question of whether any such accident actually occurred. It is very certain that if the step had broken as badly as plaintiff would have us believe, and if as much of the tread was gone as is shown in the photograph to have broken away, it would have required only a casual glance to appreciate this condition. And yet Miss Sansone, a sister-in-law of Mrs. Sansone who seems to have been the tenant in the premises, when asked whether she remembered how the step looked, said: "Really, I don't." In spite of counsel's continued effort to have her describe the condition in which the step was on that morning, she did not do so. This witness, after considerable questioning, finally was asked whether she had seen anything wrong with the step and she said: "No, but it was rotten. The steps were kind of rotten." Surely she would not have limited her testimony to a statement that she saw nothing wrong except that the steps were "kind of rotten", if, at that time about half of the lower tread had broken completely off.
Mrs. Sansone, the tenant, was not even placed on the witness stand.
The photograph which is offered in evidence is shown to have been taken more than two and a half weeks after the accident, and it is inconceivable that, if the step was as badly broken as plaintiff says it was, it would not have been repaired sooner.
Mrs. Colgano, who took the photograph and who was a sister of plaintiff, in an unguarded moment, said that when she took it "the lady who lived there is the one that gave me permission to fix this to take the picture." We cannot avoid attaching significance to the use of the word "fix" although plaintiff immediately attempted to correct herself and to say that what she meant was that she was given permission to take the photograph.
The evidence as to plaintiff's injuries is not at all convincing. She did not even produce the doctor who treated her.
Plaintiff and some of her witnesses gave rather strange testimony as to the reason *Page 156 
why Mrs. Aveton used the side steps at all. They stated that they were all very superstitious and that they discussed at great length "which way she should leave the house" because "when she came in, she came in through the alley" and they believed it dangerous for a visitor to leave a house from a door different from that by which she had entered.
All in all, we find nothing whatever in the record to justify a conclusion that the findings of our brother below were erroneous and, accordingly, the judgment appealed from is affirmed at the cost of appellant.
Affirmed.